**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION**

**UNITED STATES OF AMERICA**

**v.**

**TAUREAN JAQUAN SERVANCE**
**JARRETT ABRAM SERVANCE**
**JARRETT ABRAM SERVANCE JR**
**a/k/a "Jay Jay"**
**TERRY LAJACE LEE**
**CHRISTOPHER EUGENE THOMPSON**
______________________________________/

**SEALED**
**INDICTMENT**
1:26CR27 AW/MAL

**THE GRAND JURY CHARGES:**

**COUNT ONE**

**INTRODUCTION**

At all times relevant to this Indictment:

1. An "animal fighting venture" was "any event, in or affecting interstate or foreign commerce, that involves a fight conducted or to be conducted between at least 2 animals for purposes of sport, wagering, or entertainment." 7 U.S.C. § 2156(f)(1).

filed RCVD USDC FLND GV JUL 28 '26 PM2:22

## THE CHARGE

2. Beginning on a date unknown to the grand jury, but occurring on or before April 14, 2022, and continuing until on or about October 30, 2025, in the Northern District of Florida, and elsewhere, the defendants,

**TAUREAN JAQUAN SERVANCE,**
**JARRETT ABRAM SERVANCE,**
**JARRETT ABRAM SERVANCE JR.,**
**a/k/a "Jay Jay,"**
**TERRY LAJACE LEE,**
**and**
**CHRISTOPHER EUGENE THOMPSON**

(hereinafter, collectively, the "**DEFENDANTS**"), and others, did knowingly and intentionally conspire and agree with each other, to commit the following offenses:

a. to sponsor and exhibit dogs in animal fighting ventures, contrary to Title 7, United States Code, Section 2156(a)(l) and Title 18, United States Code, Section 49; and

b. to sell, possess, train, transport, deliver, and receive dogs for purposes of having the dogs participate in animal fighting ventures, contrary to Title 7, United States Code, Section 2156(b) and Title 18, United States Code, Section 49.

## MANNER AND MEANS OF THE CONSPIRACY

3. It was part of the conspiracy that the **DEFENDANTS** and others possessed dogs for the purpose of having the dogs participate in dog fights.

4. It was further a part of the conspiracy that the **DEFENDANTS** and others used properties in Alachua County, Florida for purposes of housing and training pit bull-type dogs, using and storing dog fighting equipment, and conducting dog fights.

5. It was further part of the conspiracy that the **DEFENDANTS** and others trained and conditioned pit bull-type dogs to fight in dog fights.

6. It was further a part of the conspiracy that the **DEFENDANTS** and others acquired and maintained medical equipment for purposes of attempting to treat dogs injured during dog fights.

7. It was further a part of the conspiracy that the **DEFENDANTS** and others communicated with one another, by telephone, text message, and other electronic means, about: the transport, delivery, transfer, exchange, purchase, sale, breeding, training, and receipt of particular fighting dogs; their possession of and ownership interests in particular fighting dogs; and arrangements to fight dogs and to attend dog fights.

8. It was further a part of the conspiracy that the **DEFENDANTS** and others used vehicles to transport and deliver fighting dogs.

9. It was further a part of the conspiracy that the **DEFENDANTS** and others arranged to fight pit bull-type dogs in dog fights.

10. It was further a part of the conspiracy that the **DEFENDANTS** and others fought pit bull-type dogs in dog fights.

11. It was further a part of the conspiracy that the **DEFENDANTS** and others obtained and forwarded information about fighting dog bloodlines and pedigrees.

**OVERT ACTS**

In furtherance of the conspiracy and to effect the unlawful objects thereof, the following overt acts, among others, were committed in the Northern District of Florida, and elsewhere:

12. Between on or about April 14, 2022, and on or about October 20, 2022, **J. SERVANCE, T. SERVANCE**, and others communicated via text message and telephone about gambling and coordinating events for dog fighting.

13. Between on or about May 18, 2023, and on or about November 28, 2024, **J. SERVANCE** and **C. THOMPSON** communicated via text message and telephone about weighing fighting dogs, breeding fighting dogs, trading fighting dogs, pedigrees, purchasing fighting dogs with specific bloodlines, and specific dogs that have been used in dog fighting.

14. Between on or about August 18, 2023, and on or about October 30, 2025, **T. SERVANCE, J. SERVANCE, J. SERVANCE JR., T. LEE,** and **C. THOMPSON** created, possessed, received, and distributed images and videos that

were stored on devices in or affecting interstate commerce and that depicted pit-bull type dogs that were: engaged in dog fights, injured or dead as a result of dog fighting, training for dog fights, being forcefully bred, and being advertised or sold for dog fighting.

15. Between on or about October 3, 2023, and on or about December 12, 2024, **T. SERVANCE** and **C. THOMPSON** communicated via text message, telephone, and a social media messaging application that requires the Internet about dog fighting events, fighting dog weights, breeding fighting dogs, pedigrees, bloodlines, and purchasing a fighting dog.

16. Between on or about November 3, 2023, and on or about December 12, 2024, **J. SERVANCE JR.** and **C. THOMPSON** communicated via text message and telephone about pedigrees, specific animals used in dog fighting, breeding fighting dogs, treating dogs with injuries, bloodlines, prior dog fights, and whether a dog needs to be a "one time winner" before it is bred.

17. On or about March 20, 2024, **T. SERVANCE** sent a message to **J. SERVANCE JR.** that instructed him to "sharpen … [t]he break sticks."

18. On or about May 19, 2024, **T. SERVANCE**, using a multi-media messaging application that requires the Internet, sent multiple videos to **C. THOMPSON** that depicted dogs fighting at a property under the control of **J. SERVANCE** in Alachua County, Florida.

19. On or about May 23, 2024, **T. LEE**, using a social media application that requires the Internet, sent a video to an unindicted co-conspirator that depicted two dogs fighting. **T. SERVANCE** is depicted in the video facilitating dog fighting. **T. LEE** offered to sell one of the dogs in the video for $2,000 and explained the dog was "box ready," "school out," and has not "shown any signs of quitting."

20. On or about June 6, 2024, **T. SERVANCE**, using a multi-media messaging application that requires the Internet, sent a video to **C. THOMPSON** that depicts dogs fighting at a property under the control of **J. SERVANCE** in Alachua County, Florida.

21. On or about August 23, 2024, **T. LEE**, using a multi-media messaging application that requires the Internet, sent multiple videos to **C. THOMPSON** that depicted dogs fighting at a property under the control of **T. SERVANCE** and **J. SERVANCE JR.** in Alachua County, Florida.

22. On or about September 23, 2024, **C. THOMPSON, T. LEE, T. SERVANCE,** and **J. SERVANCE JR.** attended a dog fight at a property under the control of **J. SERVANCE** in Alachua County, Florida.

23. On or about October 12, 2024, **T. LEE** and **T. SERVANCE** attended a dog fight at a property under the control of **T. SERVANCE** and **J. SERVANCE JR.** in Alachua County, Florida.

24. On or about January 4, 2025, **J. SERVANCE JR.** attended a dog fight at a property under the control of **J. SERVANCE** in Alachua County, Florida, at the conclusion of which a dog was hanged inside the residence.

25. On or about February 17, 2025, **C. THOMPSON** possessed multiple pit-bull type dogs for the purpose of having the dogs participate in an animal fighting venture, at a location in Alachua County, Florida.

26. On or about February 17, 2025, **C. THOMPSON** possessed equipment and items used to facilitate dog fighting, dog fighting training and conditioning, and treating dog fighting injuries, including, but not limited to, needles with syringes, prescription medication(s), a spring pole, a "rape stand," and a break stick.

27. On or about July 16, 2025, **T. SERVANCE and J. SERVANCE JR.** possessed multiple pit-bull type dogs for the purpose of having the dogs participate in an animal fighting venture, at a location in Alachua County, Florida.

28. On or about July 16, 2025, **T. SERVANCE and J. SERVANCE JR.** possessed equipment and items used to facilitate dog fighting, dog fighting training and conditioning, and treating dog fighting injuries, including, but not limited to, syringes, a scale, prescription medication(s), bags of IV fluids, spring poles, and break sticks, at a location in Alachua County, Florida.

29. On or about July 16, 2025, **J. SERVANCE** possessed multiple pit-bull type dogs for the purpose of having the dogs participate in an animal fighting venture, at a location in Alachua County, Florida.

30. On or about July 16, 2025, **J. SERVANCE**, possessed equipment and items used to facilitate dog fighting, dog fighting training and conditioning, and treating dog fighting injuries, including, but not limited to, latex gloves, prescription medication(s), animal supplements, syringes, a spring pole, and break sticks, at a location in Alachua County, Florida.

All in violation of Title 18, United States Code, Section 371, in connection with Title 7, United States Code, Sections 2156(a)(1) and 2156(b), and Title 18, United States Code, Section 49.

## COUNTS TWO THROUGH FOURTEEN

On or about February 17, 2025, in the Northern District of Florida, the defendant,

**CHRISTOPHER EUGENE THOMPSON,**

knowingly possessed dogs for purposes of having the dogs participate in an animal fighting venture, namely:

| COUNT | DOG |
|---|---|
| 2 | A57863244 |
| 3 | A57863251 |
| 4 | A57863257 |

| | |
|---|---|
| 5 | A57863262 |
| 6 | A57863265 |
| 7 | A57863272 |
| 8 | A57863277 |
| 9 | A57863284 |
| 10 | A57863288 |
| 11 | A57863296 |
| 12 | A57863300 |
| 13 | A57863305 |
| 14 | A57863308 |

All in violation of Title 7, United States Code, Section 2156(b) and Title 18, United States Code, Sections 49 and 2.

**COUNTS FIFTEEN THROUGH TWENTY-FIVE**

On or about July 16, 2025, in the Northern District of Florida, the defendants,

**TAUREAN JAQUAN SERVANCE**
**and**
**JARRETT ABRAM SERVANCE JR.,**
**a/k/a "Jay Jay,"**

knowingly possessed dogs for purposes of having the dogs participate in an animal fighting venture, namely:

| COUNT | DOG |
|---|---|
| 15 | A58919803 |
| 16 | A58919812 |
| 17 | A58919819 |
| 18 | A58919827 |
| 19 | A58919839 |
| 20 | A58919848 |

| | |
|---|---|
| 21 | A58919876 |
| 22 | A58919884 |
| 23 | A58919897 |
| 24 | A58919919 |
| 25 | A58919933 |

All in violation of Title 7, United States Code, Section 2156(b) and Title 18, United States Code, Sections 49 and 2.

**COUNTS TWENTY-SIX THROUGH THIRTY-ONE**

On or about July 16, 2025, in the Northern District of Florida, the defendant,

**JARRETT ABRAM SERVANCE,**

knowingly possessed dogs for purposes of having the dogs participate in an animal fighting venture, namely:

| COUNT | DOG |
|---|---|
| 26 | A58919745 |
| 27 | A58919808 |
| 28 | A58919818 |
| 29 | A58919833 |
| 30 | A58919849 |
| 31 | A58919869 |

All in violation of Title 7, United States Code, Section 2156(b) and Title 18, United States Code, Sections 49 and 2.

## CRIMINAL FORFEITURE

The allegations contained in Counts One through Thirty-One are hereby realleged and incorporated by reference for the purpose of alleging forfeiture to the United States pursuant to the provisions of Title 7, United States Code, Section 2156(f), in conjunction with Title 28, United States Code, Section 2461(c).

Upon conviction of the offenses in Counts One through Thirty-One of the Indictment, and pursuant to Title 7, United States Code, Section 2156(e), in conjunction with Title 28, United States Code, Section 2461(c), the defendants

**TAUREAN JAQUAN SERVANCE,**
**JARRETT ABRAM SERVANCE,**
**JARRETT ABRAM SERVANCE JR.,**
**a/k/a "Jay Jay,"**
**TERRY LAJACE LEE,**
**and**
**CHRISTOPHER EUGENE THOMPSON,**

shall forfeit to the United States any animals involved in a violation of the animal

fighting prohibitions of the federal Animal Welfare Act, Title 7, United States Code, Section 2156.

A TRUE BILL:

Redacted

7/28/2026
DATE

JOHN P. HEEKIN
United States Attorney

ADAM HAPNER
Assistant United States Attorney